UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Edward Drummond, | ) | C/A No.: 5:15-cv-04713-MGL-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| Sargent Blackwell, kitchen; Major Neal | ) | |
| Urch, Director; Asley McCann, Legal; | ) | |
| Det. Brock; Det. Reyes; Dr. McDonald, | ) | |
| | ) | |
| Defendants. | ) | |

This matter before the Court concerns Plaintiff's motion to dismiss Defendant McDonald from this action. ECF No. 63.

Plaintiff filed his first Motion to Amend the Complaint on April 11, 2016, seeking leave to add Dr. McDonald as a Defendant. ECF No. 32. The Court granted the motion, ECF No. 40, the amended pleading was attached to the Complaint as a Supplemental Pleading, ECF No. 1-5, and Dr. McDonald was added as a Defendant on May 4, 2016, ECF No. 41. Defendant McDonald filed an Answer to the Complaint on May 13, 2016, denying the allegations in the Complaint and asserting defenses to the claims. ECF No. 49. On the same date that Defendant McDonald filed his Answer, Plaintiff filed a Motion to Amend his Complaint seeking to add Eric Fluckinger as a Defendant. ECF No. 50. Plaintiff alleged that Dr. Fluckinger was a mental health worker and was "part of the conspiracy and help[ed] Dr. McDonald drug [him] up on a powerful drug called Seroquel." *Id.* at 4.

On May 31, 2016, Defendant McDonald filed a Response objecting to Plaintiff's Motion to Amend. ECF No. 62. Defendant McDonald contended that "any treatment by Dr. Eric at Mental Health is a separate matter and that Dr. Eric is not a necessary party to this action." *Id.* at 2. Defendant McDonald also took the position that the matters pertaining to him in this case

related to claims asserted in a separate case filed by Plaintiff and already under consideration by the Court in connection with Defendant McDonald's pending Motion for Summary Judgment (Civil Action No. 5:15-cv-4285-MGL-KDW). *Id.*

On June 2, 2016, Plaintiff filed a "Motion to Not Add Eric Mental Health Dr," ECF No. 63, which was docketed as a Withdrawal of Motion to Amend, ECF No. 50. The entirety of the Motion states as follows:

> I don't wish to prolong civil action! I will fight that war another day, I motion not to add Eric and to drop MD McDonald. I have got control of my mental issues and wish to drop both Dr.

ECF No. 63.

On June 10, 2016, Defendant McDonald responded to Plaintiff's Motion for Withdrawal. ECF No. 73. Defendant McDonald agreed that "he should be dropped as a Defendant in this action and he hereby consents to the entry of an Order pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure dismissing him as a Defendant in this action, with prejudice." *Id.* at 1. Defendant McDonald also filed a proposed Order of Dismissal. ECF No. 73-1.

Under Rule 41(a)(2), a district court may dismiss an action "at the plaintiff's request only by a court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "The purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987). "In considering a motion for voluntary dismissal, the district court must focus primarily on protecting the interests of the defendant." *Id.* "A plaintiff's motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant." *Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir. 1986). Unless the order states otherwise, a dismissal under Rule 41(a)(2) is without prejudice. Fed. R. Civ. P. 41(a)(2). Plaintiff has indicated that he seeks to dismiss his case against Defendant McDonald,

and Defendant McDonald has consented to such. Accordingly, Plaintiff's action against Defendant McDonald is **DIMISSED WITHOUT PREJUDICE**.

    **IT IS SO ORDERED.**

Signed this 23rd day of June, 2016, in Columbia, South Carolina.

                                          s/ Mary Geiger Lewis
                                          MARY GEIGER LEWIS
                                          UNITED STATES DISTRICT JUDGE