UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Edward Drummond, | ) | C/A No.: 5:15-cv-04713-MGL-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| Sargent Blackwell, kitchen; Major Neal Urch, Director; Asley McCann, Legal; Det. Brock; Det. Reyes; Dr. McDonald, | ) ) ) | |
| | ) | |
| | ) | |
| Defendants. | | |

This matter comes before the court on Plaintiff's four pending Motions to Amend his Complaint. ECF Nos. 44, 47, 55, and 60. The court also considers Plaintiff's Motion for Conspiracy, Special Verdict, and Liability of Multiple Defendants. ECF No. 52.

ECF No. 44

On May 9, 2016, prior to the court's May 12th deadline for amended pleadings, ECF No. 34, Plaintiff filed his second Motion to Amend his Complaint,[1] ECF No. 44. In this new motion, captioned as "Motions to Amend Pleading - § 16-5-10 Conspiracy – 18 U.S.C.A. § 1701 Obstruct or Retard the Mail," Plaintiff asserts additional causes of action for intentional infliction of emotional distress ("IIED"), defamation, and invasion of privacy related to strip

---

[1] Plaintiff filed his first Motion to Amend on April 11, 2016, seeking leave to add Dr. McDonald as a defendant. ECF No. 32. The motion also included allegations related to conspiracy in the denial of medical treatment, denial of access to court due to violations of the prison mail system, deliberate indifference to health and safety, and medical indifference. That motion was granted, ECF No. 40, and the amended pleading was attached as a supplement to Plaintiff's Complaint, ECF No. 1-5. Plaintiff later moved to dismiss Defendant McDonald from this action, ECF No. 63, and that motion has been granted, ECF No. 84. Because Defendant McDonald is no longer a party to this action, the court acknowledges but will not consider his responses (ECF Nos. 58, 61, 75, and 77) filed in opposition to Plaintiff's four motions to amend or his response (ECF No. 67) filed in opposition to Plaintiff's Motion for Conspiracy and Special Verdict. The court notes that former Defendant McDonald was the only party to file responses to the motions to amend.

searches that occurred in the Behavioral Management Unit ("BMU") of the Spartanburg County Detention Center. *Id.* at 1. The remaining allegations in the Motion to Amend reiterate previous allegations contained in Plaintiff's Complaint and Supplemental Pleading attached to the Complaint. *See* ECF Nos. 1 and 1-5.

Rule 15(a) of the Federal Rules of Civil Procedure provides that the court should "freely give leave [to amend] when justice so requires." Fed.R.Civ.P. 15(a). The undersigned finds that it is in the interests of justice to allow the amendment of the Complaint to include Plaintiff's claim for IIED, defamation, and invasion of privacy. Therefore, Plaintiff's Motion to Amend, ECF No. 44, is *granted*.

ECF No. 47

On May 11, 2016, Plaintiff filed another Motion to Amend his Complaint. ECF No. 47. Plaintiff begins his motion by requesting the "Spillman Report" and copies of correspondence from the Spartanburg County Clerk of Court. Plaintiff also moves for "punitive damages due to lies, the banding of all the defendants to violate [him] are motivated by evil intent!" *Id.* The remaining allegations in the motion are the same issues contained in Plaintiff's prior Motion to Amend. *See* ECF No. 44.

To the extent that Plaintiff requests the court take action concerning his requests for certain information, including but not limited to the court's interaction with the Spartanburg County Clerk of Court's Office, these requests are denied. Furthermore, as noted in ECF No. 40, while Plaintiff is allowed to allege certain damages—including punitive damages—the court is making no ruling as to whether punitive damages are appropriate in this matter. As noted above, the remaining allegations have already been included in prior motions—including claims

involving Defendant McDonald. Accordingly, Plaintiff's Motion is *granted* only to the extent that he is allowed to assert a claim for punitive damages.

ECF No. 55

On May 25, 2016, Plaintiff filed "Motions to Amend due to extraordinary circumstance." ECF No. 55. Plaintiff asserts that he is no longer "hindered by the powerful drug (Seroquel)" and now has a "clear brain" so that he can better articulate his claims. *Id.* Plaintiff's allegations in this motion concern claims of excessive force and lack of medical attention by Defendants Brock and Reyes. These claims have already been set forth in "Claim 4" of Plaintiff's Complaint. ECF No. 1 at 4. Accordingly, Plaintiff's Motion to Amend, ECF No. 55, is *denied.*

ECF No. 60

On May 27, 2016, Plaintiff filed yet another Motion to Amend his Complaint, requesting the he be allowed to amend because his "brain is recovering due to been [sic] off drug." ECF No. 60. Plaintiff again reiterates claims of deliberate indifference, conditions of confinement, current and future claims for IIED, and claims related to lack of mail service. Additionally, Plaintiff alleges overt acts in furtherance of conspiracy to deny him medical treatment. *Id.* at 1.

Because this Motion contains the same allegations as previously raised by Plaintiff and contained in or incorporated into his Complaint by the granting of prior motions, Plaintiff's Motion to Amend, ECF No. 60, is *denied.*

ECF No. 52

Also pending is a motion filed by Plaintiff on May 18, 2016, captioned as a "Motion for Conspiracy and § 15-78-100, Special Verdict, liability of multiple defendants (specifying proportinol [sic] liability)." ECF No. 52. The Motion reiterates allegations made in Plaintiff's

Complaint and supplemental pleadings related to his conspiracy claim. Defendants responded to the Motion on June 6, 2016. ECF No. 69. Defendants argue that the Motion appears to be "nothing more than either a restatement/supplement of the allegations of his Complaint, or an attempt to amend his Complaint to assert a claim for civil conspiracy. If it is the latter, then it is untimely as to these Defendants based on the previously issued Scheduling Order . . . which set forth a May 12, 2016 deadline for motions to amend pleadings." *Id.*

The court first notes that S.C. Code section 15-78-100 pertains to civil actions brought in state circuit court and, therefore, does not apply to this action. *See* SC Code Ann. § 15-78-100(b) ("Jurisdiction for any action brought under this chapter is in the circuit court and brought in the county in which the act or omission occurred."). As to the untimeliness of the conspiracy cause of action, because the court is granting Plaintiff's Motion to Amend, ECF 44, which was timely filed and contains conspiracy claims, this claim is not untimely. Because this Motion contains the same allegations as previously raised by Plaintiff or is otherwise inapplicable, the Motion for Conspiracy and Special Verdict, ECF No. 52, is *denied*. However, the court instructs Defendants to consider Plaintiff's conspiracy claim when answering the supplemental pleading.

Conclusion

The undersigned *grants* Plaintiff's Motion to Amend, ECF No. 44; *grants in part* (as to claim for punitive damages) and *denies in part* Plaintiff's Motion to Amend, ECF No. 47; *denies* Motion to Amend, ECF No. 55; and *denies* Motion to Amend, ECF No. 60. The undersigned *denies* Plaintiff's Motion for Conspiracy and Special Verdict, ECF No. 52.

The Clerk is instructed to docket ECF No. 44 as a supplemental pleading to Plaintiff's Complaint. Upon attachment by the Clerk, Defendants may answer or otherwise respond to

Plaintiff's Supplemental Pleadings in accordance with Rule 15(a)(3) of the Federal Rules of Civil Procedure. Defendants' time to respond will begin and service will be effected when the Clerk dockets the supplemental pleading.

Plaintiff is hereby advised that the time to amend his Complaint is over, and the court will not consider any other Motions to Amend absent truly extraordinary circumstances.

IT IS SO ORDERED.

June 24, 2016
Florence, South Carolina

Kaymani D. West
United States Magistrate Judge