UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Edward Drummond, | ) | C/A No.: 5:15-cv-04713-MGL-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| Sargent Blackwell, kitchen; Major Neal | ) | |
| Urch, Director; Asley McCann, Legal; | ) | |
| Det. Brock; Det. Reyes; Dr. McDonald, | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on the following Motions filed by Plaintiff: Motion to Protect/Seal his Whistle Blower, ECF No. 53; Motions for Issuance of a Subpoena, ECF Nos. 54 and 81; Motion for Mediation, ECF No. 59; and Motion to Appoint Counsel, ECF No. 65.

1.      Motion to Protect/Seal his Whistle Blower, ECF No. 53

On May 18, 2016, Plaintiff filed what he captioned as a "Motion to protect[t] and or seal my (whistle Blower) § 8-27-10(5)." ECF No. 53. There Plaintiff alleges that he knows an officer who "will tell the court the truth about the (BMU unit), [and] the 4 horsemen a (group of officer[s])." *Id.* However, Plaintiff requests the court's help in protecting the officer and the officer's job. *Id.* Additionally, in another Motion Plaintiff makes a similar request. ECF No. 59.

Plaintiff's Motion to Seal is denied. Though the court has the authority to file certain documents containing sensitive information under seal, this only protects the documents from public viewing. Under the Federal Rules of Evidence and Federal Rules of Civil Procedure, the opposing side has the authority to view documents presented, cross-examine witnesses, and conduct inquiries in order to prepare its case. Therefore, Plaintiff's Motion, ECF No. 53, is

**denied,** as is the portion of Plaintiff's Motion, ECF No. 59, where he requests documents be filed under seal so that Plaintiff may protect the identity of his whistleblower.

      2.      Motions for Issuance of a Subpoena, ECF Nos. 54 and 81

On May 23, 2016, Plaintiff filed a Motion for a Subpoena requesting his full medical report from North Hill Medical. ECF No. 54. Plaintiff filed another Motion for a Subpoena on June 22, 2016 requesting his case file information from Robert Hall. ECF No. 81. Plaintiff's Motions for Subpoena are **granted**, and the clerk is instructed to issue two subpoenas on Plaintiff's behalf. Within 5 days of receiving the subpoenas, Plaintiff is instructed to serve the two parties to the subpoenas with a copy of the subpoena and is also instructed to serve Defendants with a copy of the subpoena in accordance with Rule 45 of the Federal Rules of Civil Procedure.

      3.      Motion for Mediation, ECF No. 59

On May 27, 2016, Plaintiff filed a Motion requesting the court order that a neutral third party facilitate fair settlement discussions. ECF No. 59. Plaintiff's Motion is **denied without prejudice**. At this stage in the litigation process, the court has not instructed that the parties conduct mediation. Furthermore, should the court instruct the parties to engage in mediation, that instruction would occur after the court has issued a Report and Recommendation on any dispositive motions filed and after the District Court has considered the undersigned's forthcoming recommendations. Accordingly, Plaintiff's Motion for Mediation is denied as premature.

      4.      Motion to Appoint Counsel, ECF No. 65.

Plaintiff also filed a Motion to Appoint Counsel on June 3, 2016. ECF No. 65. Plaintiff's Motion is **denied**. There is no right to appointed counsel in a § 1983 case. *Cf. Hardwick v. Ault*, 517 F.2d 295 (5th Cir. 1975). Although the court has discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(e)(1); *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971), such appointment "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances "will turn on the quality of two basic factors - the type and complexity of the case, and the abilities of the individuals bringing it." *Brock v. City of Richmond*, 983 F.2d 1055 (4th Cir. 1993) (unpublished table decision) (quoting *Whisenant v. Yaum*, 739 F.2d 160, 163 (4th Cir. 1984)). The undersigned finds this case is not an exceptional circumstance warranting appointment of counsel and Plaintiff has competently represented himself in this case and filed numerous motions on his own behalf.

IT IS SO ORDERED.

July 1, 2016                                                                  Kaymani D. West
Florence, South Carolina                                           United States Magistrate Judge