

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION**

| | |
|---|---|
| EDWARD DRUMMOND, §<br>Plaintiff, §<br>§<br>vs. §<br>§<br>SARGENT BLACKWELL, KITCHEN; §<br>MAJOR NEAL URCH, DIRECTOR; §<br>ASLEY MCCANN, LEGAL; DET. BROCK; §<br>DET. REYES; and DR. MCDONALD, §<br>Defendants. § | CIVIL ACTION NO.5:15-04713-MGL |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT,
DENYING PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT,
AND RENDERING MOOT PLAINTIFF'S MOTION FOR MEDICAL RECORDS**

This case was filed as a 42 U.S.C. § 1983 action. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Defendants' Amended Motion for Summary Judgment be granted, and Plaintiff's Motions for Summary Judgment be denied. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on May 22, 2017, the Clerk of Court entered Plaintiff's first set of objections on May 30, 2017, and she entered his supplemental objections on June 5, 2017. The Court has reviewed the objections, but holds them to be without merit. Therefore, it will enter judgment accordingly.

In Plaintiff's rambling submissions, he offers just two specific objections to the Report. In his first one, he "specific[ally] object[s] to th[e] Report . . . because [his] first time in [the Behavioral Management Unit (BMU)] is not in question[.] [I]t is [his] second placement [that he] never had . . . procedural due process afforded [to him]." Supplemental Objections 1.

It appears Plaintiff was "place[d] back in BMU on July 24, 2015[,] after requesting help due to being bullied by [his] roommates." Response 3. He states he "asked for help because [his] roommates [were] out of control[.]" Supplemental Objections 1. Plaintiff asserts he "request[ed] to be moved for [his] safety." *Id*.

When deciding whether a condition of confinement amounts to the deprivation of liberty without due process of law, the Court must ask whether the condition or restriction was punitive, which for a pretrial detainee is forbidden. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979). "[T]he fact that such detention interferes with the detainee's understandable desire to live as comfortably as possible and with as little restraint as possible during confinement[,] [however,] does not convert the conditions or restrictions of detention into 'punishment.'" *Id* at 537. "[T]he effective management of the detention facility . . . is a valid objective that may justify imposition of conditions and restrictions of pretrial detention and dispel any inference that such restrictions are intended as punishment." *Id*. at 567.

Sergeant Robert Duclov, who is responsible for overseeing the disciplinary system for pretrial detainees incarcerated at the Spartanburg County Detention Facility (SCDF) attests, on July 24, 2015, Plaintiff "requested . . . SCDC staff move him . . . because he was being bullied by his cell mates. . . . Therefore, pursuant to his request [Plaintiff] was rehoused on July 24, 2015[,] to [BMU]. . . . This cell movement was not intended as a penalty for any disciplinary infraction." Affidavit of Duclov ¶ 7.

To summarize, Plaintiff asked for protection. Defendants complied with his request by putting him in BMU, not for punishment, but for his protection. Because this was a management decision, and not a punitive one, Plaintiff's due process rights were not violated. Hence, the Court will overrule this objection.

In Plaintiff's second specific objection, he complains about the Magistrate Judge's statement "short periods of deprivation of property . . . does not constitute cruel and unusual punishment[.]" Objections 2. According to Plaintiff, he "was without a mattress for up to 10 days[.]" *Id*. He also maintains he was "deprived of socks and shoes for over 80% of [his] time in [BMU]." *Id*.

"[P]roper deference to the informed discretion of prison authorities demands that they, and not the courts, make the difficult judgments which reconcile conflicting claims affecting the security of the institution, the welfare of the prison staff, and the property rights of the detainees." *Bell*, 441 U.S. at 557 n.38. Thus, having accorded Defendants the deference due to them, the Court will overrule this objection, too.

In the remainder of Plaintiff's submission, he generally makes arguments, in one form or another, the Magistrate Judge has already considered. Because the Court agrees with the Magistrate Judge's treatment of these issues, it need not repeat the discussion and analysis here. Suffice it to say Plaintiff's non-specific objections will be overruled.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court Defendants' Amended Motion for Summary Judgment is **GRANTED,** Plaintiff's state claims are **DISMISSED WITHOUT PREJUDICE** so Plaintiff can bring those claims in state court if he wishes to do so, and Plaintiff's motions for summary judgment are **DENIED**. Consequently, Plaintiff's motion concerning medical records is **RENDERED MOOT**.

**IT IS SO ORDERED**.

Signed this 11th day of July, 2017, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

\*\*\*\*\*
**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.